## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

BROOKLAN DIANN SMITH,     )
    )
    Plaintiff,     )
    )
v.     )     Civil Action No. 2:13-00275-N
    )
CAROLYN W. COLVIN,     )
Acting Commissioner of Social Security,     )
    )
    Defendant.     )

## MEMORANDUM OPINION AND ORDER

Plaintiff Brooklan Diann Smith brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").

The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Docs. 18 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."), 20 (order referring case).)

Upon consideration of the administrative record ("R.") (Doc. 13), Smith's brief (Doc. 14), the Commissioner's brief (Doc. 15), and the arguments presented at the hearing held January 9, 2014 (*see* Doc. 19), it is determined that the Commissioner's decision denying Smith benefits should be **REVERSED** and **REMANDED** for

further proceedings not inconsistent with this decision.[1]

# I.    <u>Procedural Background</u>

Smith filed an application for DIB on November 2, 2009 (R. 115-118), alleging she became disabled October 20, 2009 (*see* R. 115).   Her application was initially denied.   (*See* R. 63-69.)   A hearing was then conducted before an Administrative Law Judge on June 6, 2011 (*see* R. 24-62).   On December 6, 2011, the ALJ issued a decision finding Smith was not disabled (R. 7-23), and she sought review from the Appeals Council.   The Appeals Council issued a decision declining to review the ALJ's determination on March 23, 2013 (*see* R. 1-5)—making that determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on May 23, 2013 (*see* Doc. 1).

# II.    <u>Standard of Review and Claims on Appeal</u>

In all Social Security cases, the plaintiff[2] bears the burden of proving that he or she is unable to perform his or her previous work.   *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).   In evaluating whether the plaintiff has met this burden, and thus proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the

---

[1]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals.   (*See* Doc. 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

[2]    The terms "plaintiff" and "claimant" are used interchangeable herein.

plaintiff's age, education, and work history. *Id.* An ALJ, in turn,

> uses a five-step sequential evaluation to determine whether the [plaintiff] is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is ***supported by*** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Smith asserts three reasons why the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence):

(1)     The Commissioner's decision should be reversed because the ALJ failed to give great weight to the opinion of Ms. Smith's treating physician, Dr. John Dorsey;

(2)     The Commissioner's decision should be reversed because the ALJ committed reversible error by substituting her own opinion in place of an opinion by Dr. Robert Estock; and

(3)     The Commissioner's decision should be reversed because the ALJ failed to properly consider Ms. Smith's credibility.

Because the Court has determined that the ALJ's consideration of Dr. Estock's opinion is incomplete—and thus, improper—which prevents this Court from finding that the ALJ's decision is supported by substantial evidence and, accordingly, necessitates remand for that reason alone, the Court need not consider her other two asserted errors. *Cf. Salter v. Astrue*, No. CA 11–00681–C, 2012 WL

4

3817791, at *2 (S.D. Ala. Sept. 4, 2012) ("Because the Court determines that the decision of the Commissioner should be reversed and remanded for further proceedings based on the plaintiff's second claim, regarding the RFC determination, there is no need for the Court to consider the plaintiff's other claims." (citing *Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims."))); *Gore v. Apfel*, No. CIV.A.99–0590–CB–M, 2000 WL 284218, at *1-2 (S.D. Ala. Mar. 10, 2000) (in which the plaintiff asserted three claims on appeal, this Court "found that the ALJ did not properly consider [the plaintiff's] complaints of pain at the administrative level[,]" and remanded for that reason without considering the other claims on appeal).

## III.   Analysis

Smith's second claim of error focuses on how the ALJ evaluated the opinion of Robert Estock, M.D., the state agency medical consultant, one of three "relevant opinions in the record" before the ALJ.   (R. 18.)

"Inherent in the judging function of an ALJ is the need to weigh and evaluate the range of medical opinions appearing in the record." *Lawrence v. Astrue*, No. 5:12cv148/CJK, 2013 WL 359540, at *7 (N.D. Fla. Jan. 30, 2013).   Thus, "an ALJ may not simply pick and choose among medical evidence without explanation." *Id.* An ALJ must, instead, "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d

5

1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

> In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion. A reviewing court may not ignore the error and proceed to determine whether the decision is supported by substantial evidence. To simply say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational. The question here is whether the ALJ's order has followed the admonition to state with some measure of clarity the grounds for assigning weight to various opinions.

*Lawrence*, No. 5:12cv148/CJK, 2013 WL 359540, at *7 (quoting *Winschel*, 825 F.3d at 1179; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)) (internal quotation marks and citations omitted).

Moreover, medical opinions are generally multifaceted. And, in the course of determining a plaintiff's residual functional capacity ("RFC"), an ALJ may choose to accept come conclusions—or recommended related restrictions—made within an opinion while rejecting others. If such a choice is made, in addition to explaining the overall weight given to a particular medical opinion, the ALJ also must explain "'with at least some measure of clarity the grounds for [a] decision'" to adopt particular aspects of a medical opinion. *Winschel*, 825 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[3] Any failure to explain his or her

---

[3] *See also Zellner v. Astrue*, No. 308–cv–1205–J–TEM, 2010 WL 1258137, at *7 (M.D. Fla. Mar. 29, 2010) ("Consideration of **all** the medical evidence of record is mandated

rationale in this regard will result in a reviewing court "declin[ing] to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Id.*

Picking some restrictions while rejecting others **without explanation** is clearly grounds to find that an ALJ's decision is not supported by substantial evidence and, therefore, order that it be remanded for further consideration. *See, e.g., Theus v. Astrue*, Civil Action No. CV207–151, 2009 WL 723205, at *4 (S.D. Ga. Mar. 18, 2009) ("'An ALJ is not entitled to pick and choose through a medical opinion, taking only the parts that are favorable to a finding of nondisability.' The ALJ must offer at least a minimal level of articulation in his evaluation of all of the evidence." (respectively quoting *Kerwin v. Astrue*, 244 Fed. App'x 880, 885 (10th Cir. Aug. 8, 2007) and citing *Dixon v. Bowen*, No. 85 C 4337, 1986 WL 8760, at *4 (N.D. Ill. Aug. 6, 1986))); *Barthol v. Astrue*, Civil Action No. 1:08cv39–CSC, 2008 WL 5273113, at *6 (M.D. Ala. Dec. 18, 2008) ("The ALJ is not free to simply ignore medical evidence, nor may the Commissioner pick and choose between the records selecting those portions which support his ultimate conclusion. Therefore, this court cannot conclude that the ALJ's [ultimate conclusion] is supported by substantial evidence."); *Wilson v. Colvin*, --- Fed. App'x ----, 2013 WL 5630925, at *3-4, (10th Cir. Oct. 16, 2013) (reversing and remanding district court's order

---

so that the ALJ can accurately determine a claimant's RFC and thereby determine if the claimant can return to past relevant work. *See* 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945. The focus of a residual functional capacity determination is on the objective medical ***findings*** made . . . and th[e] analysis based on those findings. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An ALJ may not pick and choose which evidence he considers in making the disability determination. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986)." (emphasis added)).

7

affirming a decision in which the ALJ "fail[ed] to explain why he appeared to adopt one moderate restriction from [the consultative psychologist's] opinion with regard to [the plaintiff's] ability to interact appropriately with supervisors, while not including the doctor's other two moderate restrictions in her RFC[,]" noting, "[i]n *Haga v. Astrue*, we held that '[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability,' without explaining his reasoning. 482 F.3d 1205, 1208 (10th Cir. 2007); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007) (reversing and remanding based on *Haga* where the ALJ accepted some of the moderate restrictions in a mental RFC form but omitted other moderate restrictions from the RFC without discussion)."); *compare Chapo v. Astrue*, 682 F.3d 1285, 1291-92 (10th Cir. 2012) ("The ALJ's handling of Dr. Vega's findings is also problematic [because t]he ALJ accepted, at least to a limited extent, the restriction recognized by Dr. Vega with regard to Ms. Chapo's difficulty in dealing with the public. But the ALJ fully discounted the bulk of Dr. Vega's mental RFC limitations with no explanation at all as to why one part of his opinion was creditable and the rest was not. That is error under this circuit's case law." (citations omitted)), *with Ricks v. Astrue*, No. 3:10–cv–975–TEM, 2012 WL 1020428, at *5 (M.D. Fla. Mar. 27, 2012) ("An ALJ may not pick and choose the parts of the record that will support his decision, but must show he considered the Plaintiff's condition as a whole. . . . Therefore, on remand, the ALJ must consider all three consulting opinions ***in their entirety*** and show that he has done so in the new decision." (emphasis in original; internal citations omitted)), *with*

*Fortin v. Commissioner of Soc. Sec.*, No. 6:09–cv–887–Orl–35DAB, 2010 WL 3061969, at *7 (M.D. Fla. Aug. 2, 2010) ("[T]he ALJ is not entitled to pick and choose portions of the opinion of Dr. Kutner's report (confirmed by the state agency non-examining physicians) and exclude or mischaracterize those portions of Dr. Kutner's report that do not support a light work RFC[.]"); *cf. Reveteriano v. Astrue*, 490 Fed. App'x 945, 947-48 (10th Cir. July 27, 2012) ("[T]o the extent there are differences of opinion among the medical sources, the ALJ must explain the basis for adopting one and rejecting another, with reference to the factors governing the evaluation of medical-source opinions set out in 20 C.F.R. §§ 404.1527(d)–(f), 416.927(d)–(f)." (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004))).[4]

Turning to Dr. Estock's opinion, it is presented in the form of a psychiatric review technique form (the "PRTF") and mental residual functional capacity

---

[4] As the string citation demonstrates, while multiple district courts in this Circuit have recognized this tenant of Social Security law, the Tenth Circuit has fully embraced it; the Eleventh Circuit, however, has not held otherwise, *see, e.g., McCruter*, 791 F.2d at 1548, and district courts in this Circuit have, in turn, embraced the Tenth Circuit's rationale, *see, e.g., Ricks*, 2012 WL 1020428, at *5; *Rogers v. Astrue*, No. 3:10–cv–352–J–TEM, 2011 WL 4346567, at *8 (M.D. Fla. Sept. 16, 2011); *Tyndall v. Astrue*, No. 3:10–cv–234–J–32TEM, 2011 WL 4029398, at *10 (M.D. Fla. Aug. 11, 2011), *report and recommendation adopted*, 2011 WL 4027722 (M.D. Fla. Sept. 12, 2011); *Miller v. Astrue*, Civil Action No. 1:08cv216–WC, 2009 WL 1664076, at *4 (M.D. Ala. June 15, 2009) (all citing *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability.")); *see also Gentile v. Astrue*, No. 308–cv–1050–J–TEM, 2010 WL 1257478, at *5 (M.D. Fla. Mar. 29, 2010) ("An ALJ cannot pick and choose from the evidence in order to support his conclusions." (citing *Robinson*; *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence"))). This Court too, albeit not in the context of a medical source opinion, has remanded an ALJ's decision for "picking and choosing" evidence "that supports her conclusion and ignor[ing] evidence that does not." *Wilson ex rel. T.M.W. v. Colvin*, No. CA 2:12–00307–C, 2013 WL 788075, at *8 (S.D. Ala. Mar. 1, 2013).

assessment (the "mental RFC"). (*See* R. 237-254 [Exs. 8F, 9F].) The ALJ first uses

Dr. Estock's opinion to establish Smith's severe mental impairments (*see* R. 12-13),

observing,

> In finding the claimant's mental impairments severe, I placed some
> weight in the [PRTF] performed by the State agency medical
> consultant, Robert Estock, M.D., noting that he opined that the
> claimant would experience no more than moderate limitations in the
> activities of daily living, maintaining social functioning and
> concentration, persistence, and pace (Exhibit 8F).

(R. 13.)

The ALJ next uses Dr. Estock's opinion to support her conclusion that Smith

"has the residual functional capacity to perform a full range of work at all exertional

levels [with multiple] nonexertional limitations[.]" (R. 15; *see* R. 15-18.)

> In assessing the claimant's residual functional capacity, the
> undersigned considered the relevant opinions contained in the record.
> The undersigned placed little weight in the medical source statement
> from claimant's treating psychiatrist, John Dorsey, M.D., as his opinion
> of marked limitations in several areas is not supported by his
> treatment notes, or the record when considered in its totality (Exhibit
> 12F). The undersigned assigns greater weight to the [PRTF] and
> [mental RFC] performed by the State agency medical consultant,
> Robert Estock, M.D. However, the undersigned observes that Dr.
> Estock's assessments do not appear to fully address the claimant's
> subjective complaints. Thus, the undersigned has adjusted the
> residual functional capacity noted [herein] to adequately reflect the
> claimant's subjective complaints (Exhibits 8F and 9F).
>
> The undersigned considered the psychological evaluation performed by
> clinical psychologist, Joseph Maio, Ph.D., and assigns his opinions
> great weight given his personal examination of the claimant and his
> expertise in the area of psychology (Exhibit 7F). The undersigned
> notes that while Dr. Maio noted that the claimant appeared to have
> significant psychological problems that could interfere with her ability
> to sustain employment, he also noted that the claimant could maintain
> employment if she remained complaint with treatment (Exhibit 7F).

(R. 18.)

As the above excerpts—the entirety of the ALJ's references to Dr. Estock—demonstrate, to the extent the ALJ disagreed with Dr. Estock's opinion, it was because, based on her decision, the ALJ believed Dr. Estock's assessment not restrictive enough (*i.e.,* it underestimated Smith's subjective complaints). (*See* R. 18 ("[T]he undersigned has adjusted the residual functional capacity noted [by Dr. Estock] to adequately reflect the claimant's subjective complaints[.]").) The ALJ's decision does not, however, reflect that she considered—or, after explaining why, rejected—Dr. Estock's opinion that Smith "would likely miss 1-2 days/month due to psych symptoms."[5] (R. 253.) This is significant because, in response to the ALJ's hypothetical concerning absenteeism with regard to the positions the vocational expert identified that Smith could perform given the restrictions in her RFC ("Q. . . . Now what level of absenteeism is generally tolerated in any of these applications?" (R. 58)), the VE replied, "No more than one day per month would be tolerated in any of them. And anything above that the employer would consider was excessive and would not tolerate it." (R. 58-59.)

Thus, in light of the standard set out herein, the ALJ's failure to explicitly address the absenteeism aspect of Dr. Estock's opinion requires the Court to conclude that the ALJ's decision is not supported by substantial evidence. And, accordingly, there is no choice but to order that this matter be remanded for further

---

[5] It should be noted that Dr. Maio, whose opinion the ALJ assigned "great weight," does not specifically address absenteeism in his report of psychological evaluation. (*See* R. 232-236 [Ex. 7F].)

consideration not inconsistent with the analysis herein. *See, e.g., Albery v. Commissioner of Soc. Sec.*, No. 6:11–cv–437–Orl–19GJK, 2012 WL 2589297, at *9 (M.D. Fla. June 7, 2012) (reversing and remanded where, among other things, "[t]he ALJ did not address Dr. Shroff's opinion that Claimant would need to miss more than four days of work per month. Instead, it appears the ALJ chose to discount a portion of Dr. Shroff's opinion to bolster her finding that Claimant could perform sedentary work. The ALJ 'cannot pick and choose from the evidence in order to support [her] conclusions.' (quoting *Gentile*, 2010 WL 1257478, at *5; record citation omitted), *report and recommendation adopted*, 2012 WL 2589267.

## IV.    Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Smith benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.


**DONE** and **ORDERED** this the 10th day of February, 2014.


*/s/ Katherine P. Nelson*
_____
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**