IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BROOKLAN DIANN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-00275-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure, on the application by Plaintiff Brooklan Diann Smith for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") (Docs. 23, 25), filed May 12, 2014, and the Commissioner's objection to her application (Doc. 26), filed May 27, 2014.

Upon consideration of all pertinent materials contained in this file, the application is **GRANTED IN PART and DENIED IN PART**,[1] and it is **ORDERED** that *Plaintiff* should receive a reasonable attorney's fee in the amount of **$6,015.59** under the EAJA for legal services rendered by her attorney in this Court. *See Astrue v. Ratliff*, --- U.S. ----, 130 S. Ct. 2521, 2526 & 2526-27 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d)

---

[1] Plaintiff's proposed hourly rate calculation is not consistent with this Court's precedent. The undersigned has, however, utilized evidence from Plaintiff to conduct the Court's usual calculation for adjustment of hourly rate herein.

fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Ree) attorney's fees in the amount sought and substantiated under, inter alia, subsection (d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite—it 'awards' the fees to the litigant[.]"); *cf. Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. Mar. 27, 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel.").

## I. **Discussion**

### A. **Procedural Background**

On February 10, 2014, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 22; *see also* Doc. 21, memorandum opinion and order.) In the application for an award of attorney's fees under the EAJA (Doc. 23), filed on May 12, 2014, Plaintiff requests attorney's fees in the amount of $6,037.38 to compensate her counsel for the time (32.25 hours) spent representing her before this Court as of the date of the filing of the fee application

2

(*see generally id.*). And in her objection to the application, the Commissioner does not contest the reasonableness of the requested attorney's fees; she contends instead that no attorney's fees should be awarded in this matter because her position in this case was substantially justified. (*See generally* Doc. 26.)

B.   **Substantial Justification and Prevailing Party**

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was **substantially justified** or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

While "'[s]ubstantially justified' is one of the myriad phrases in the law that has no precise or fixed definition[, t]he Supreme Court has said that it means 'justified in substance or in the main.'" *Grieves v. Astrue*, 600 F. Supp. 2d 995, 999 (N.D. Ill. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see id.* ("A position that is 'substantially justified' must have a 'reasonable basis both in law and in fact.'") (quoting *Pierce*, 487 U.S. at 565); *cf. Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (a position is substantially justified if a "reasonable person could believe the position was correct").

> EAJA decisions necessarily involve exercises of discretion because of the sheer impracticability of formulating a rule of decision in such cases. Questions that arise under the Act, like many that arise in litigation generally, are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly

3

> resist generalization—at least, for the time being.

*Grieves*, 600 F. Supp. 2d at 999 (internal citations and quotation marks omitted and other modifications to original).

> It is also essential to recall that "a position can be justified even though it is not correct," *Pierce*, 487 U.S. at 566, n.2, and "[the government] could take a position that is substantially justified, yet lose [on the merits]." *Id.* at 569. Analysis of questions of substantial justification must take into account the government's position in the underlying action and the litigation posture it took while defending the validity of that action in court. 28 U.S.C. § 2412(d)(2)(D). But, substantial justification should not be confused with the "substantial evidence" standard that applies to a court's initial review of the case. Indeed, the Supreme Court has cautioned that consideration of a fee petition "'should not result in a second major litigation.'" *Pierce*, 487 U.S. at 563. Thus, an EAJA petition requires the court to revisit the legal and factual circumstances of this case from a different perspective—the elusive standard of substantial justification—than it did in reviewing the record on the initial go-round to determine whether there was substantial evidence to support the conclusion.

*Id.* at 1000 (internal citations modified and some omitted); *but see Cockerham v. Secretary of Health & Human Servs.*, CIV.A. No. 87–1276, 1990 WL 11355, at *3 (E.D. La. Jan. 31, 1990) ("[T]he corresponding definition of 'substantially justified' used in the EAJA means 'to be justified in substance or in the main . . . the action must be justified to a degree that could satisfy a reasonable person, and must have a reasonable basis in both law and fact.' Clearly, definitions of the terms 'substantial evidence' and 'substantially justified' are analogous; a reasonable mind must conclude that when the [Commissioner]'s position was not based upon substantial evidence, it cannot be found substantially justified.") (quoting *Pierce*, 487 U.S. at 565); *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *5 (N.D. Ill. Mar. 21,

4

2003) ("When a court finds [] a lack of connection between the evidence in the record and an ALJ's conclusion, it is appropriate to find the Commissioner's position not substantially justified.") (citations omitted).

On appeal to this Court, Smith provided three reasons for why she believes the Commissioner's decision to deny her benefits was in error (that is, not supported by substantial evidence). After a careful review of the record, the Court determined that Smith's second reason—that the Commissioner's decision should be reserved because the ALJ erred by substituting her own opinion in place of the opinion of Dr. Estock—***alone*** precluded a finding that the ALJ's decision was supported by substantial evidence and, accordingly, necessitated remand for that reason ***alone***. Thus, the Court did not adjudicate, nor was there any reason for the Court to adjudicate, Smith's first and third reasons why she believes the Commissioner's decision was not supported by substantial evidence. *See, e.g., Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims."); *accord Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at \*2 (S.D. Ala. Sept. 4, 2012); *Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *Gore v. Apfel*, No. CIV.A.99–0590–CB–M, 2000 WL 284218, at \*1-2 (S.D. Ala. Mar. 10, 2000).

Turning to her opposition to Smith's EAJA petition, the Commissioner does not argue that she was substantially justified by defending the ALJ's choice not to consider all aspects of a medical source's opinion, which is why this Court found the

5

Commissioner's decision not to be supported by substantial evidence. *See Smith v. Colvin*, Civil Action No. 2:13–00275–N, 2014 WL 518057, at *5 (S.D. Ala. Feb. 10, 2014) ("[T]he ALJ's failure to explicitly address the absenteeism aspect of Dr. Estock's opinion requires the Court to conclude that the ALJ's decision is not supported by substantial evidence. And, accordingly, there is no choice but to order that this matter be remanded for further consideration not inconsistent with the analysis herein." (citation omitted)). The Commissioner instead reargues her position that this Court should, essentially, "get into the ALJ's head" by finding that the ALJ implicitly considered Dr. Estock's opinion as to absenteeism (that Smith would miss work up to two days each month) because, by finding Smith not disabled, the ALJ obviously accepted the vocational expert's testimony that, as to the jobs at issue, Smith could not be absent from work more than one day per month and, thus, rejected Dr. Estock's absenteeism opinion.

This argument, although recast in terms of substantial justification, is again not persuasive. In reviewing the Commissioner's decision, this Court "must judge the propriety of [, for example, an ALJ's decision] solely by the grounds invoked by the [ALJ]" and, accordingly, may not determine that such a decision is proper based on grounds not stated by the ALJ. *Security & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *compare id.*, *with, e.g., Snyder ex rel. Walker v. Commissioner of Soc. Sec.*, No. 2:12–cv–0186–KJN, 2013 WL 4676356, at *2 (E.D. Cal. Aug. 30, 2013) ("Although the Commissioner attempts to demonstrate substantial justification by showing how the ALJ *could* potentially have weighed [certain] opinions . . . against

other record evidence, and what germane reasons the ALJ *could* potentially have used to discount . . . [certain] testimony, the fact remains that the ALJ failed to perform such analysis . . . . As such, the Commissioner's position during the administrative proceedings, and its defense of that position in the litigation before this court, were not substantially justified." (citations omitted and emphasis in original)).

Having found, as to the reason upon which the Court remanded, that the Commissioner's position in this litigation was not substantially justified, the undersigned now turns to the Commissioner's argument that because "this case [was] remanded on a single issue" that somehow signals that the Court's "finding of error [was] limited" and, thus, "is suggestive of the overall reasonableness of the Commissioner's position." (Doc. 26 at 1-2.)

In support of this argument—that "the Court should find that the Commissioner reasonably defended the case given the limited basis for its remand"—the Commissioner cites a single decision, *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010). While *Hardisty* has yet to be analyzed by a court in this Circuit, district courts to consider *Hardisty*'s application to cases similarly postured to this one—that is, a case in which a district court (1) remands the Commissioner's decision on but one of several grounds urged and (2) then finds the Commissioner's position vis-à-vis that ground not to be have been substantially justified—have found *Hardisty* inapposite. *See, e.g., Roberts v. Astrue*, No. C10–5225–RJB–JRC, 2011 WL 3054904 (W.D. Wash. June 29, 2011) ("*Hardisty* is binding precedent ***only***

7

when a plaintiff has achieved a reversal and remand to the Social Security Administration on an underlying matter on which the government's position nevertheless was substantially justified. This conclusion best aligns *Hardisty* with the U.S. Supreme Court's decision in *Hensley*[ *v. Eckerhardt*, 461 U.S. 424, 437 (1983),]" in which it was held that a request for attorney's fees should not result in a second major litigation (emphasis added)), *report and recommendation adopted*, 2011 WL 3047701 (W.D. Wash. July 25, 2011); *see also id.* (noting that courts in the Ninth Circuit "consider whether 'the position of the government was, **as a whole**, substantially justified'" (quoting *Guitierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (in turn quoting *United States v. Rubin*, 97 F.3d 373, 376 (9th Cir. 1996))) (emphasis provided by *Guitierrez*)); *compare id.*, *with Strong v. Commissioner of Soc. Sec. Admin.*, 461 Fed. App'x 299, 301 (4th Cir. Jan. 19, 2012) (per curiam) ("Evaluating whether the Government's position was substantially justified is not 'an issue-by-issue analysis' but an examination of 'the totality of circumstances.'" (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993))).

The Court's decision that this matter should be remanded because the ALJ's consideration of Dr. Estock's opinion shows the ALJ's decision is not supported by substantial evidence is not, contrary to the Commissioner's belief, "suggestive of the overall reasonableness of the Commissioner's position." Just as this Court found it should not "get into the ALJ's head" and make inferences as to the ALJ's consideration of Dr. Estock's opinion, the Commissioner should likewise not infer that, because the Court had no need to adjudicate Smith's other two reasons in

8

support of remand, this Court believes that the Commissioner's litigation position here is "two-thirds" (or overall) substantially justified. Accepting such an approach would actually fly in the face of *Hardisty* because it would force the Court to consider arguments in the context of the EAJA that it did not consider previously. *See, e.g., Belcher v. Astrue*, No. 1:09cv1234 DLB, 2010 WL 5111435, at *2 (E.D. Cal. Dec. 9, 2010) ("Requiring the district court to determine whether the government's position on unadjudicated issues was substantially justified would put the court 'in the position of conducting essentially *de novo* review of the entire case for purposes of the fee litigation, contrary to the command against 'spawn[ing] a second litigation' of the Supreme Court and to the far more streamlined 'substantial justification' review envisioned by the EAJA itself.'" (quoting *Hardisty*, 592 F.3d at 1078 (internal citations omitted)).

The Commissioner's objection based on substantial justification is accordingly **OVERRULED**. Further, because the Commissioner makes no argument that Plaintiff is not a prevailing party under the EAJA,[2] the Court focuses its attention on other matters.

C.  **Timeliness**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until the Court's February 10,

---

[2]  "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). (*See* Doc. 22, judgment.)

9

2014 Judgment became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1)(B)(iii) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), which was April 11, 2014. Thirty days from April 11, 2014 was **Sunday**, May 11, 2014. Therefore, the application filed in this case, bearing a date of **Monday**, May 12, 2014, was timely. *See* FED. R. CIV. P. 6(a)(1)(C).

**D. Fees Analysis**

The EAJA is a fee-shifting statute. And the Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA) (quoting *Hensley*, 461 U.S. at 433 (1983) (§ 1988)); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee

submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 433-34 (citations omitted); *see also id.* at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

In *Norman*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306. Because the Commissioner interposes no objection to the

fee petition, the Court finds that Plaintiff's counsel reasonably spent **thirty-two and one/fourth (32.25) hours** on legal tasks in this case.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 1997). In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari,* 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. This Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*,

CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint ) / 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id*. at 11 (quoting Doc. 31 at 2).) The temporal midpoint in this case was in October 2013, the complaint having been prepared and filed on May 23, 2013 (*see* Doc. 1), and the Court having entered its memorandum opinion and order and corresponding judgment on February 10, 2014 (*see* Docs. 21, 22). The Court CPI-U for October 2013 was 227.420. (*See* Doc. 23-4.) Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 227.420) / 152.4. Completion of this equation renders an hourly rate of **$186.53**. In consideration of the foregoing, Plaintiff should be awarded an attorney's fee in the amount of **$6,015.59** under the EAJA for the **32.25 hours** her attorneys spent performing work traditionally performed by attorneys in Social Security cases.

## II.     Conclusion

The Court therefore **ORDERS** that Plaintiff be awarded attorney's fees in the amount of **$6,015.59** under the Equal Access to Justice Act.

**DONE** and **ORDERED** this the 3rd day of June, 2014.

      */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**